ROBBINS UMEDA LLP
BRIAN J. ROBBINS (190264)
brobbins@robbinsumeda.com
KEVIN A. SEELY (199982)
kseely@robbinsumeda.com
CHRISTOPHER L. WALTERS (205510)
cwalters@robbinsumeda.com
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Attorneys for Plaintiff Scott Ozaki

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re ORACLE CORPORATION DERIVATIVE LITIGATION | **Master File No. C-10-03392-RS** |
| SCOTT OZAKI, Derivatively on Behalf of ORACLE CORPORATION,<br><br>Plaintiff,<br>v.<br>LAWRENCE J. ELLISON, SAFRA A. CATZ, JEFFREY O. HENLEY, MICHAEL J. BOSKIN, H. RAYMOND BINGHAM, DONALD L. LUCAS, JEFFREY S. BERG, BRUCE R. CHIZEN, HECTOR GARCIA-MOLINA, NAOMI O. SELIGMAN, and GEORGE H. CONRADES,<br><br>Defendants,<br> -and-<br>ORACLE CORPORATION, a Delaware corporation,<br><br>Nominal Defendant. | **Case No. 3:11-CV-4493-JSC**<br><br>**RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

## I. INTRODUCTION

Plaintiff Scott Ozaki ("Plaintiff Ozaki"), through his counsel, hereby responds to Plaintiffs Lisa Galaviz and Philip T. Prince's ("Moving Plaintiffs") Administrative Motion to Consider Whether Cases Should Be Related ("the Motion"). As described below, Plaintiff Ozaki does not object to having the matters related to avoid unnecessary cost or delay, but does object to the extent that the Moving Plaintiffs may be seeking a consolidation of these cases.

## II. NO OBJECTION TO RELATING AND COORDINATING

On January 12, 2011, Plaintiff Ozaki made a demand on the Board of Directors (the "Board") of Oracle Corporation ("Oracle" or the "Company") to investigate and initiate litigation against those that breached their fiduciary duties to the Company. Rather than filing a lawsuit at that time, Plaintiff Ozaki approached the Board to request that they file a complaint against the defendants. On September 8, 2011, after the Board wrongfully refused/ignored Plaintiff Ozaki's demand, Plaintiff Ozaki filed the Verified Shareholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, and Unjust Enrichment, which was assigned Case No. 3:11-cv-04493-JSC (the "*Ozaki* Demand Refused Action"). Plaintiff Ozaki brings this case as a Demand Refused plaintiff and expects defendants to challenge his standing on that ground, which is completely different from the initial pleading hurdle faced by the Moving Plaintiffs as Demand Futility plaintiffs (the "Demand Futility Action").[1]

On September 15, 2011, the Moving Plaintiffs filed a Notice of Filing Administrative Motion to Consider Whether Cases Should Be Related ("Notice"), along with the Motion. In the Motion, Moving Plaintiffs request that this Court enter an order "relating" the *Ozaki* Demand Refused Action to the Demand Futility Action. *See* Motion at 2:1-2 ("move the Court to relate the case"); 3:9 ("if not treated as related"); 3:14-15 ("Plaintiffs ... ask this Court to enter an order relating" the cases); Notice at 2:5-6 (Plaintiffs "have filed an Administrative Motion to relate the

---

[1] The term Demand Futility Action refers to: (i) *Galaviz v. Berg, et al.*, Case No. C-10-3392-RS; and (ii) *Prince v. Berg. et al.*, Case No. C-10-4233-R, which have been consolidated as *In re Oracle Corp. Derivative Litigation.*, Master File No. C-10-03392-RS.

1 case"). Plaintiff Ozaki does not object to the case being related for purposes of coordinating
2 discovery.

### III. "DEMAND-REFUSED" PLAINTIFF OBJECTS TO CONSOLIDATION WITH "DEMAND-FUTILITY" ACTION

5 In support of their request to relate the actions, the Moving Plaintiffs seem to suggest consolidation of the cases might be appropriate. *See* Motion at 2:9-16 (citing to the Court's February 8, 2011 Consolidation Order). Consolidation of the *Ozaki* Demand Refused Action with the Demand Futility Action is not appropriate or necessary, and Plaintiff Ozaki objects to consolidation to the extent it is being requested by the Moving Plaintiffs.

Consolidation is only appropriate when a court determines that matters "present[] a common issue of law or fact under Rule 42(a), weigh[ing] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984). The legal and factual questions presented by the *Ozaki* Demand Refused Action and the Demand Futility Actions, particularly at the pleading stage, are very different. *See Levine v. Smith*, 591 A.2d 194, 200 (Del. 1991) *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000) (discussing "Rule 23.1's ***alternative requirements*** of pleading demand futility ***or*** wrongful refusal of demand") (emphasis added); *see also Stepak v. Addison*, 20 F.3d 398, 402 (11th Cir. 1994) (noting that the plaintiff can plead demand refused or "[a]lternatively" demand futility).

Primarily, the *Ozaki* Demand Refused Action does not and never will have to meet the burden of pleading demand futility to a majority of the Board which is the subject of the motion to dismiss currently pending with this Court. Instead, Plaintiff Ozaki must show that his demand was wrongfully refused. "The underlying issue … is the often debated subject of when the requirement that a stockholder make demand on a board of directors, prior to filing a derivative lawsuit for the benefit of a corporation, is excused and when a demand, which has been made, is properly refused." *Spiegel v. Buntrock*, 571 A.2d 767, 770 (Del. 1990). The focus of a wrongful demand refusal analysis is the process by which the Board responded to the demand, not the merits of the underlying claims. The rule as laid out in *Spiegel* is:

> Whenever any action or inaction by a board of directors is subject to review according to the traditional business judgment rule, the issues before the Court are independence, the reasonableness of its investigation and good faith. ***By electing to make a demand, a shareholder plaintiff tacitly concedes the independence of a majority of the board to respond. Therefore, when a board refuses a demand, the only issues to be examined are the good faith and reasonableness of its investigation.***

*Id.* at 777 (emphasis added). Here, Plaintiff Ozaki's demand was wrongfully refused/ignored, which requires the Court to conduct a factual inquiry into whether the Board acted independently and in good faith on behalf of and for the benefit of Oracle in considering his demand. *See Levine*, 591 A.2d at 213. This factual inquiry is not part of the analysis raised in the motion to dismiss the Demand Futility Action.

Likewise, separate from the *Ozaki* Demand Refused Action, the Demand Futility Action must plead particularized facts demonstrating that a demand on the Board was unnecessary and excused as a futile act. *See Aronson v. Lewis*, 473 A.2d 805, 808 (Del. 1984) *overruled on other grounds by Brehm*, 746 A.2d 244. If the Demand Futility Action fails to meet this standard, then the demand requirement may justify dismissal of the complaint for failure to state a claim upon which relief may be granted. Here, the *Ozaki* Demand Refused Action has already conceded demand futility by sending the demand letter, which creates a fundamental difference between it and the Demand Futility Action, which has not conceded futility. Therefore, the pending motion to dismiss in the Demand Futility Action should have no effect on the *Ozaki* Demand Refused Action.

## IV.  CONCLUSION

The *Ozaki* Demand Refused Action should be related with the Demand Futility Action and Plaintiff Ozaki does not intend to object to having the actions coordinated to avoid unnecessary cost or delay. However, the *Ozaki* Demand Refused Action should not be consolidated with the Demand Futility Action.

DATED: September 19, 2011

*s/ Christopher L. Walters*
CHRISTOPHER L. WALTERS

ROBBINS UMEDA LLP
BRIAN J. ROBBINS

- 3 -
RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

1   KEVIN A. SEELY
2   CHRISTOPHER L. WALTERS
    600 B Street, Suite 1900
    San Diego, CA 92101
3   Telephone:  (619) 525-3990
    Facsimile:  (619) 525-3991

4   Attorneys for Plaintiff Scott Ozaki

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  653202

28

- 4 -
RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List. I further certify that I deposited in a box or other facility regularly maintained by an express service carrier or delivered to a courier or driver authorized to said express carrier to receive documents to the following non CM/ECF participants:

| | |
|---|---|
| Philip T. Besirof<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 | Oracle Corporation<br>CSC Lawyers<br>2730 Gateway Oaks Dr. #100<br>Sacramento, CA 95833 |

Attorneys for Lawrence J. Ellison, Safra A. Catz, Jeffrey O. Henley, Michael J. Boskin, H. Raymond Bingham, Donald L. Lucas, Jeffrey S. Berg, Bruce R. Chizen, Hector Garcia-Molina, Naomi O. Seligman, and George H. Conrades

*s/ Christopher L. Walters*
CHRISTOPHER L. WALTERS

- 5 -
RESPONSE TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED